2611-CC01030

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

**IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY, MISSOURI**
**CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **BRETT GORDON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **BLOOMIN' BRANDS, INC.** | ) | |
| **D/B/A OUTBACK STEAKHOUSE ,** | ) | |
| **Serve:** | ) | **JURY TRIAL DEMANDED** |
| **2202 N. West Shore Blvd., Suite 500** | ) | |
| **Tampa, FL 33607** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Brett Gordon (hereinafter "Plaintiff"), by and through his attorneys and for his Petition for Damages and, against Defendant Bloomin' Brands, Inc. d/b/a Outback Steakhouse, states:

## JURISDICTION AND PARTIES

1. Venue is proper pursuant to §508.010, §105.055.7(2) and §213.111 RSMo because a substantial part of the events giving rise to this cause of action occurred in Saint Charles, Missouri.

2. Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010 RSMo., et seq. (MHRA) and §478.070 RSMo

3. Plaintiff Brett Gordon is an individual who is and was at all times herein after mentioned, a resident of the State of Missouri.

4. Defendant Bloomin' Brands, Inc. d/b/a Outback Steakhouse (hereinafter "Defendant") is a corporation who at all time referenced herein conducted business in Saint Charles County, Missouri.

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

5. Plaintiff timely filed a charge of discrimination against Defendant on or about October 13, 2025, with the U.S. Equal Employment Opportunity Commission, Charge number 560-2026-00129 which was dually filed with the Missouri Commission on Human Rights, Charge number FE-10/25-39756.

6. The Missouri Commission on Human Rights issued Plaintiff a Notice of Right to Sue on May 11, 2026.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff worked for Bloomin' Brands, Inc. d/b/a Outback Steakhouse beginning on or about September 28, 2021 as a server and bar tender.

8. Plaintiff worked at the Outback restaurant located at 4002 Winghaven Boulevard, O'Fallon, MO 63366.

9. Stevie Stegmaier became Plaintiff's manager approximately May 2024.

10. Plaintiff has a hearing impairment which causes him to be disabled in that Plaintiff has a physical impairment that substantially impairs major life activities including, but not limited to, hearing, communicating and working; Plaintiff's hearing impairment also impairs a major bodily function of his auditory system.

11. Stevie Stegmaier discriminated against Plaintiff because of his disability including harassing him.

12. Stevie Stegmaier would often accuse Plaintiff of "not listening" and "not paying attention" when Plaintiff did not understand what she said because of his disability.

13. Stevie Stegmaier knew Plaintiff had a hearing impairment.

14. Plaintiff wears hearing aids which are very noticeable.

15. Plaintiff also discussed his impairment with Stevie Stegmaier.

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

16. She told Plaintiff that she did not care that he had a hearing impairment.

17. Stevie Stegmaier harassed Plaintiff for things that she did not harass other employees about; for instance, Plaintiff wore short sleeves to work, Stegmaier told Plaintiff that it was company policy to wear short sleeves, however, other employees present were wearing short sleeves without any comment by her.

18. Stegmaier reduced Plaintiff's hours from approximately 35 hours to approximately 18 hours per week.

19. Plaintiff tried to transfer to another Outback location to avoid Stegmaier's harassment and to get more hours, however Stegmaier blocked the transfer.

20. Stegmaier terminated Plaintiff on or about September 28, 2028.

21. Stegmaier stated she terminated Plaintiff because he was Plaintiff was late to work.

22. Plaintiff had never been reprimanded regarding being late.

23. Other employees had been late without comment or discipline by Stevie or other management.

24. Other employees had noticed how Stevie treated Plaintiff differently and believed she was looking for a reason to terminate him.

25. Bloomin' Brands, Inc. d/b/a Outback Steakhouse and its managers discriminated against Plaintiff because of his disability including harassing him, causing a hostile work environment and terminating him.

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

## COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT

26. Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of his Petition.

27. This count is authorized and instituted under the Missouri Human Rights Act (MHRA), Section 213.010 R.S.Mo. et seq.

28. At all relevant times herein, the Defendant was an employer as defined by the MHRA.

29. Plaintiff is a member of the class of people intended to be protected by the MHRA, including, section 213.010, et seq.

30. Plaintiff is disabled as defined under the MHRA.

31. The Defendant was aware of Plaintiff's disability.

32. Defendant and its agents and employees subjected Plaintiff to discriminatory actions because of his disability.

33. Defendant took discriminatory actions against the Plaintiff in regard to his job duties including terminating him because of his disability.

34. Defendant's discrimination against Plaintiff affected a term, condition, or privilege of his employment.

35. The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

36. The Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee, because of his disability and/or perceived disability.

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

37. The Plaintiff has suffered financial loss including but not limited to lost wages and benefits, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life and incurred attorney fees and costs as a result of the actions of the Defendant.

38. The Defendants' conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

39. Defendants' actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff pray this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant has violated the rights of the Plaintiff as set forth above; That a Judgment be entered ordering Defendant to make Plaintiff whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excessive of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs, through counsel, respectfully request a trial by jury on all issues.

Electronically Filed - St Charles Circuit Div - July 27, 2026 - 11:06 AM

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*